UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| ERIKA COOK, | Case No. 3:25-cv-00911-AR |
| Plaintiff, | **ORDER** |
| v. | |
| TRENTON JACKSON, TWIN CARRIER, LLC, NEMANJA DANILOVIC, MILLENIUM INSURANCE GROUP, LLC, COVER WHALE INSURANCE SOLUATIONS, INC., DANIEL ABRAHAMSEN, *and* JOHN DOES 1-10, | |
| Defendants. | |

_____

**ARMISTEAD, United States Magistrate Judge**

Defendants have alleged that, under 28 U.S.C. § 1332(a), this court has subject matter jurisdiction based on diversity of citizenship and an amount in controversy exceeding $75,000. (Notice of Removal, ECF 1.)

A case in federal court based on diversity of citizenship requires a disclosure statement from each party that names and identifies the citizenship of that party, or entity whose citizenship

is attributed to that party, at the time the complaint is filed (and, if applicable, when the case was removed to federal court). FED. R. CIV. P. 7.1(a)(2)[1]; *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) ("[W]e start with the core principle of federal removal jurisdiction on the basis of diversity—namely, that it is determined (and must exist) as of the time the complaint is filed and removal is effected.").

Keep in mind that, for a corporation, citizenship is determined by its state of incorporation *and* its principal place of business. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). A corporation's principal place of business is its "nerve center," which is not necessarily its headquarters. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("[I]n practice [the 'nerve center'] should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination."). For individuals, citizenship is determined by a person's "domicile," which is the home where he or she resides

---

[1] Federal Rule of Civil Procedure 7.1(a)(2) provides:

(2) Parties or Intervenors in a Diversity Case. In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor:

(A) when the action is filed in or removed to federal court, and

(B) when any later event occurs that could affect the court's jurisdiction under § 1332(a).

*with* the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Moreover, to aid the court with assessing jurisdictional issues, noncorporate entities must comply with Local Rule 7.1-1. That rule provides:

> In diversity actions, any party, intervenor, or proposed intervenor that is a limited liability company (LLC), a limited liability partnership (LLP), a limited partnership (LP), or a partnership must, in the disclosure statement required by Fed. R. Civ. P. 7.1, list those states from which the owners/members/partners of the LLC, LLP, LP, or partnership are citizens. If any owner/member/partner of the LLC, LLP, LP, or partnership is another LLC, LLP, LP, or partnership, then the disclosure statement must also list those states from which the owners/members/partners of the LLC, LLP, LP, or partnership are citizens.

LR 7.1-1. The Ninth Circuit has held that, "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Although the disclosure must provide the states for which any owner/member/partner is a citizen, it need not disclose the names of any owner/member/partner, nor does it need to indicate the number of owners/members/partners from a disclosed state.

Each party must file a disclosure statement that complies with FRCP 7.1(a)(2) and LR 7.1-1 by June 13, 2025.

DATED: May 30, 2025

_____
JEFF ARMISTEAD
United States Magistrate Judge